The opinion of the Court was delivered by
Johnson, J.
Therecan be no doubt of the legal inaccuracy ofthis verdict. Under the long and well established practice of the Courts in this State, the plaintiff had alegal right to pursue the defendant, both in a prosecution at the suit of the State, and a civil action for this offence; and proof of his guilt was manifest. But I think there are strong circumstances of mitigation, and the verdict of the jury, although legally erroneous, goes to show the importance which they attached to them.
The object of a prosecution at the suit of the State, for this offence, is a check in embryo to those commotions, out of which so many violent deaths and murders happen ; and any individual of the community has a right to bring an offender to justice; and there he is punished for the violation of the public tranquillity and good order of society. The defendant has expiated this part of his offence, in suffering the punishment already inflicted on him, and he has now only to answer to the plaintiff in his individual character, unconnected with society, for the personal injury which he inflicted on him. And this leads us to the consideration of the circumstances of the case.
The injury of which the plaintiff complains, is, that the defendant struck him twice, by which he was knocked down, and then kicked him once, leaving a bruise on his face ; but there is no proof that he ever complained of any bodily pain, or that he was put to any inconvenience, other than *422 the feelings necessarily arising out of such an indignity. There may be many cases in which a much less injury might be the subject* of very rindictive damages. But when it is recollected that the plaintiff had made representations of the defendant, who was quite a young man, calculated to traduce him in the opinion of his friend, and patron, and through him the rest of the community, and affirmed and avowed it to his face, and that probably falsely too, (but whether true or false, I think not very important, for if the former, it was a breach of confidence reposed in him, and equally reprehensible,) and that he had atoned for his public offence, the jury were, I think, justifiable in regarding his case with some indulgence; and nominal damages were all that I think he was entitled to. In this case, however, I think the jury have gone too far, and willing as I should always feel to support a verdict within the pale of their almost boundless discretion, it ought not to be done where there is a manifest infraction of the law. It would result in the dangerous and absurd principle, that law itself is a question of discretion, and not an absolute rule of right. But from the view taken of the case by the Court, supported by the verdict of a respectable jury, the damages ought only to be nominal.[1]. Unwilling to enable -the parties to harass each other, or to perplex another jury with the trial of such a ease, unless constrained to do so by the rigid rules of law, I am unwilling to send it back.
Gregg, for the motion. Goodwin, contra.
It is unreasonable that the laws should hold out to a party a right of action, and compel him to pay costs.' The defendant ought, therefore, to pay the costs of this action.[2] There are very many precedents in this Court for imposing terms on granting a motion for a new trial.
I am, therefore, of opinion that the motion in this case ought to be granted, unless the defendant will release the plaintiff from costs.
Colcock, Nott, G-antt and RichaRdson, JJ., concurred.
See 2 Sp. 170; 6 Rich. 74, 82; 1 Bail. 98 ; 1 McM. 132; Post. 114, 140 ; Rowe v. Moses, 9 Rich. 425, as to damages.

 Post. 140.

 4 Rich. 2 ; 2 Rich. 512.